UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 21-155 |
| v. | * | SECTION: "L" |
| RAYNEL LEWIS | * | |

\* \* \*

## FACTUAL BASIS

The United States and defendant **RAYNEL LEWIS** ("**LEWIS**") stipulate and agree that the below facts are true and that they would have been proven beyond a reasonable doubt had this matter proceeded to trial. The United States and **LEWIS** further stipulate and agree that these facts provide a sufficient basis for a plea of guilty to the charge that **LEWIS**, not being lawfully entitled a certificate, license, and document issued to officers and seamen by any officer and employee of the United States authorized by law to issue the same, did receive and possess said certificate, license, and document, with intent unlawfully to use said certificate, license, and document, in violation of Title 18, United States Code, Section 2197. The below facts are offered for the purpose of establishing a sufficient factual basis to support the guilty plea and therefore do not necessarily describe all the details of the offense or **LEWIS**'s complete knowledge of the offense.

**A.     At all times relevant herein:**

Federal statutes and regulations ("federal law") authorized the United States Coast Guard ("USCG") to issue merchant mariner credentials ("MMCs") and related endorsements. Under federal law, all mariners employed aboard United States merchant vessels greater than 100 gross registered tonnage, with a few limited exceptions, were required to have valid MMCs. Furthermore, to serve in various positions, federal law required mariners to have particular endorsements added to their MMCs. Consequently, an MMC and each endorsement to an MMC

AUSA _C M_
Defendant
Defense Counsel

each constituted a "certificate, license, or document," as described in Title 18, United States Code, Section 2197.

Endorsements determined what position mariners could work, on what kind of vessels, and in what waters. The presence of an endorsement on an MMC indicated that the mariner was qualified to serve in the specified capacity and that he had met all legal requirements for that endorsement. Federal law prohibited a mariner from serving in a position for which he lacked the required endorsement. Similarly, federal law prohibited a business from employing a mariner in a position for which he lacked the required endorsement.

In order to obtain an MMC, a mariner was required to meet various requirements and to take an oath, promising to faithfully and honestly perform all the duties required by the laws of the United States. For many endorsements, federal law required mariners to pass USCG-administered examinations. These examinations tested mariners' knowledge and training to safely operate under the authority of the endorsements. The examinations, which typically consisted of numerous separately-graded modules, were administered at USCG regional exam centers. One such regional exam center, known as REC New Orleans, was located in the Eastern District of Louisiana. USCG employees at the regional exam centers entered the scores into a computer system used to manage the issuance of credentials to mariners and to process applications for MMCs and endorsements.

**B.    LEWIS received, possessed, and intended to use endorsements to which he was not lawfully entitled**

**LEWIS** was a mariner who sought to add what are known as a Designated Duty Engineer Unlimited Horsepower ("DDE") endorsement, a Chief Engineer Offshore Supply Vessels Unlimited Horsepower ("Chief Engineer OSV") endorsement, and an Assistant Engineer Limited Unlimited Horsepower ("Assistant Engineer") endorsement his MMC. As **LEWIS** knew, in order



AUSA ____
Defendant ____
Defense Counsel ____

to lawfully obtain these endorsements, he was required to pass a specific examination at a regional exam center.

Dorothy Smith ("Smith") was a USCG employee at REC New Orleans. Smith informed **LEWIS** that Smith could, in exchange for money, arrange for mariners to receive false passing examination scores at REC New Orleans.

On or about March 9, 2015, **LEWIS** formed an agreement with Smith to pay Smith a sum of money in exchange for Smith falsely reporting that **LEWIS** had passed the examinations required for the DDE, Chief Engineer OSV, and Assistant Engineer endorsements. Pursuant to this agreement, **LEWIS** paid Smith a sum of money.

As a result of **LEWIS**'s conduct, on or about March 9, 2015, at REC New Orleans, Smith falsely reported in a USCG computer system that **LEWIS** had passed the examination associated with his application for DDE, Chief Engineer OSV, and Assistant Engineer endorsements. As **LEWIS** knew, this false report was made in furtherance of, and was essential to, his receipt of the endorsements. As **LEWIS** knew, he had not passed the examination and, therefore, was not lawfully entitled to the endorsements. As a result of **LEWIS** intentionally causing Smith to make this false entry, the USCG issued **LEWIS** DDE, Chief Engineer OSV, and Assistant Engineer endorsements.

The aforementioned endorsements, to which **LEWIS** was not lawfully entitled, authorized **LEWIS** to, among other things, serve as the chief engineer on offshore supply vessels of any horsepower in any waters. The chief engineer of a vessel is the officer in charge of the engine department. The chief engineer is typically responsible for, among other things, all operations and maintenance having to do with engineering and mechanical equipment throughout the ship.

AUSA C M
Defendant 
Defense Counsel

From on or about March 9, 2015, through on or about August 11, 2020, in the Eastern District of Louisiana and elsewhere, **LEWIS** received and possessed the above-referenced endorsements and an MMC containing said endorsements, knowing that he was not lawfully entitled to them and with the intent to unlawfully use them.

_____  1/27/22
CHANDRA MENON              Date
Assistant United States Attorney

_____  1/31/22
CLARENCE ROBY, JR.         Date
Counsel for Defendant

_____  2/2/22
RAYNEL LEWIS               Date
Defendant